# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| INTEGON NATIONAL INSURANCE COMPANY, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) No. 2:19-cv-2958-DCN |
| vs. | ) <br> ) **ORDER** |
| ALICIA MEJIA GOMEZ; BRIAN MONROY MEJIA; and MARGARET MITCHELL PRICE, *as personal representative of the estate of* ALICIA MARIA MITCHELL, | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

The following matter is before the court on plaintiff Integon National Insurance Company's ("Integon") motion for voluntary partial dismissal, ECF No. 146. For the reasons set forth below, the court grants in part and deny in part the motion and dismisses Integon's non-cooperation claim with prejudice.

## I. BACKGROUND

This insurance dispute arises out of a fatal automobile accident. On January 5, 2018, defendant Brian Monroy Mejia ("Mejia") was driving a 2003 Ford Expedition in Charleston County, South Carolina when he was involved in an accident (the "Accident") that resulted in the death of pedestrian Alicia Maria Mitchell ("Mitchell"). Defendant Margaret Mitchell Price ("Price") is the personal representative of the estate of Mitchell. The Ford Expedition was owned by Mejia's mother, defendant Alicia Mejia Gomez ("Gomez"), and covered by an automobile insurance policy (the "Policy") issued by Integon.

On October 1, 2018, Price filed a wrongful death suit in this court against Gomez and Mejia, Price v. Gomez, No. 18-cv-02673-DCN (D.S.C. 2018) (the "Underlying Action"). On

October 11, 2019, Integon filed the instant action in the Dorchester County Court of Common Pleas seeking a declaration that the Policy does not provide coverage for the Accident, that Integon has no duty to defend or indemnify in the Underlying Action, and that the Policy is void. ECF No. 1-1, Compl.  Integon makes three main allegations to support its contention that the Policy is void.  First, it alleges that Gomez made a material misrepresentation on the Policy application by not listing Mejia as a resident of her household, making the policy void ab initio. Second, Integon alleges Gomez and Mejia failed to notify Integon of the Accident.  Third, Integon alleges Gomez and Mejia failed to cooperate with Integon's investigation of the Accident, as required under the Policy.  Specifically, Integon alleges that Gomez and Mejia's failure "to promptly and fully cooperate" with it "delayed, inhibited, adversely affected, and substantially prejudiced [its] ability to promptly investigate the subject loss, including, but not limited to, issues surrounding the facts and circumstances surrounding the accident; fault with respect to the parties involved; the existence of any potential witnesses to the accident; and environmental factors related to the accident."  Compl. ¶ 31.  Price removed the action to this court on October 17, 2019.  ECF No. 1.  On November 26, 2019, Price answered Integon's complaint, asserted various affirmative defenses, and filed a counterclaim seeking a declaration that Integon has a duty to defend and indemnify Gomez and Mejia in the Underlying Action. ECF No. 5.  Gomez and Mejia thereafter filed similar answers and counterclaims.  See ECF Nos. 62, 63, and 113.

Integon's third allegation—failure to cooperate—has been at the heart of several disputes in the instant action, including Price's motions to compel, ECF Nos. 35 and 61, Integon's motions for protective orders, ECF No. 124 and ECF No. 133, and Integon's motion to stay, ECF No. 131.  On February 7, 2022, after receiving mostly unfavorable rulings on all such motions,

Integon filed a motion for voluntary dismissal of its non-cooperation claim without prejudice, or, alternatively, voluntary dismissal of that claim with prejudice. ECF No. 146. On February 22, 2022, Price responded in opposition, ECF No. 148, and on March 9, 2022, Integon replied, ECF No. 158. The court held a hearing on the motion on June 8, 2020. ECF No. 187. As such, the motion has been fully briefed and is now ripe for the court's review.

## II.  STANDARD

Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may not voluntarily dismiss his or her action without a court order after service of an answer or motion for summary judgment, unless a stipulation of dismissal is signed by all parties. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

The purpose of Rule 41(a)(2) is to freely allow voluntary dismissals unless the parties will be unfairly prejudiced. McCants v. Ford Motor Co., 781 F.2d 855, 856 (11th Cir. 1986); Alamance Indus. Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961), cert. denied, 368 U.S. 831 (1961). As a general rule, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant. See Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997); Phillips v. Ill. Cent. Gulf R.R., 874 F.2d 984, 986 (5th Cir. 1989); Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986); McCants, 781 F.2d at 856–57. Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4)

3

the present stage of the litigation, i.e., whether a motion for summary judgment is pending. See Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996); Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994); Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987). These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case. See Ohlander, 114 F.3d at 1537.

Rule 41(a)(2) permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from voluntary dismissal. A claim may be dismissed with prejudice under Rule 41(a)(2) if the court considers it to be a proper term of dismissal and states it in the order of dismissal. See Fed. R. Civ. P. 41(a)(2) (stating that dismissal may be granted "on terms that the court considers proper" and that "unless the order states otherwise," dismissal is without prejudice). In addition, the plaintiff must have notice that dismissal with prejudice is a possibility and have an opportunity to respond to a defendant's arguments for dismissal with prejudice. See Andes v. Versant Corp., 788 F.2d 1033, 1037 (4th Cir. 1986).

### III.   DISCUSSION

During the hearing, the parties clarified that they agreed to dismissal with prejudice of Integon's non-cooperation claim to the extent that claim is based on Gomez and Mejia's conduct prior to August 30, 2018, when Gomez allegedly first spoke with Integon's claims adjuster. Accordingly, the parties only dispute whether to dismiss, with or without prejudice, Integon's non-cooperation claim to the extent it is based on Gomez and Mejia's conduct from August 30, 2018 to October 11, 2019, when Integon filed the

instant declaratory judgment action in the Dorchester County Court of Common Pleas. Upon consideration, the court dismisses the non-cooperation claim for the period of August 30, 2018 to October 11, 2019 with prejudice as well.

The instant motion to voluntarily dismiss Integon's non-cooperation claim comes after a series of disputes regarding the discoverability of evidence related to that claim. By way of background, on July 20, 2020, the court first advised Integon that it must produce evidence related to its lack of cooperation claim or abandon the same. In an order on Price's first motion to compel, the court explained,

> . . . Integon cannot claim that Gomez and Mejia failed to cooperate with Integon's investigation and simultaneously claim any evidence of that lack of cooperation is protected work product . . . . The court finds it impossible for Integon to pursue its claims of lack of notice and failure to cooperate while claiming work product protection over all the information that would be used to prove those claims. As such, the court suggests that Integon either reconsider its work product assertion or reconsider its pursuit of those claims.

ECF No. 60 at 16.

Subsequently, Integon continued to resist discovery on its failure-to-cooperate claim. On November 10, 2020, in an order on Price's second motion to compel, the court again directed Integon to produce discovery related to its non-cooperation claim. Specifically, the court explained that defendants were entitled to discovery on the prejudice, if any, Integon suffered in its defense of the Underlying Action as a result of Gomez and Mejia's alleged lack of cooperation. The court made clear that evidence of prejudice was needed to prove Integon's non-cooperation claim and therefore was relevant and discoverable. The court observed,

> Price cites to Alabama law for the proposition that that the insurer bears the burden of not only proving failure to cooperate, but also that the failure to cooperate was prejudicial to the defense of the case. See Axis Ins. Co. v.

5

>  Terry, 2019 U.S. Dist. LEXIS 14662, at *34 (N.D. Ala. Jan. 30, 2019) ("Non-cooperation is prejudicial if the failure to cooperate negate[s] the only evidence the insurer could offer in defense, or deprives the insurer of the ability to conduct an investigation and mount a defense."); Co. Colo. Cas. Ins. Co. v. Kirby Co, 2008 U.S. Dist. LEXIS 3088, at *19 (M.D. Ala. Jan. 14, 2008) ("To void insurance coverage based on noncooperation, it is insufficient to merely establish non-cooperation. Non-cooperation must be substantial and material, and [the insurer] must demonstrate prejudice."). The court agrees with Price. The documents related to the actions Integon took in response to the Accident (request numbers 2 and 3), as well the information related to the Accident that Integon was or was not able to obtain in its investigation (requests number 12 and 13) help show whether Integon was prejudiced by the alleged lack of notice and cooperation. Given the lenient relevancy standard, the court finds these discovery requests relevant and orders Integon to produce documents responsive to request numbers 2, 3, 12, and 13.

ECF No. 113.

The prejudice issue arose again during the depositions of several of Integon's witnesses, resulting in Integon's first motion for protective order. On February 18, 2021, Integon moved the court for a protective order precluding deposition testimony regarding "Integon's handling of Price's claim" and "Integon's liability defenses in the [U]nderlying [Action]." ECF No. 124 at 6–7. On March 31, 2021, this court denied that motion, explaining,

> In the instant action, Integon claims that the Policy is void because [Mejia] and Gomez failed to timely notify Integon of the Accident and likewise failed to cooperate with Integon during the investigation, as required under the Policy, and Integon was prejudiced as a result. Under Alabama law, which governs the instant coverage dispute, "[t]o void insurance coverage based on noncooperation, it is insufficient to merely establish non-cooperation. Non-cooperation must be substantial and material, and [the insurer] must demonstrate prejudice." Co. Colo. Cas. Ins. Co. v. Kirby Co, 2008 U.S. Dist. LEXIS 3088, at *19 (M.D. Ala. Jan. 14, 2008) (emphasis added). "Non-cooperation is prejudicial if the failure to cooperate negate[s] the only evidence the insurer could offer in defense, or deprives the insurer of the ability to conduct an investigation and mount a defense." Axis Ins. Co. v. Terry, 2019 U.S. Dist. LEXIS 14662, at *34 (N.D. Ala. Jan. 30, 2019) (emphasis added).

6

ECF No. 130 at 4.  The court found that Integon's liability defenses in the Underlying Action were "directly relevant to the issue of prejudice"—a requirement to prove its non-cooperation claim.  Id. at 6.  The court further observed that

> [d]efendants cannot determine whether the alleged failure to cooperate hindered Integon's ability to "mount a defense" or negated evidence Integon "could offer in defense" without knowing what defenses Integon has or believes it should have had in the Underlying Action.  As such, defendants have a strong interest in Integon's liability defenses to defend against Integon's lack of cooperation claim.

Id.  The court advised,

> Integon may not . . . claim that lack of cooperation prejudiced Integon in its defense in the Underlying Action and simultaneously object to any [discovery] regarding that defense.  Integon continues to pursue its lack of cooperation theory, yet repeatedly attempts to dodge any discovery regarding the same.  See ECF No. 113 at 21 (ordering Integon to produce documents relevant to whether Integon was prejudiced by the alleged lack of notice and cooperation); ECF No. 60 at 16–17 (granting motion to compel with respect to information relevant to Integon's notice and lack of cooperation claims).  Integon cannot have it both ways.  Integon must either pursue its lack of cooperation theory and submit to discovery regarding prejudice in the Underlying Action or abandon its lack of cooperation theory altogether.

Id. at 7.  In lieu of the two options provided by the court (submit to discovery or abandon its non-cooperation claim), Integon, on April 19, 2021, filed a motion to stay the instant litigation until resolution of the Underlying Action.  ECF No. 131; ECF No. 131-1.  Integon argued that a stay was necessary because the court's March Order "would expose [Integon's Underlying Action] counsel's trial strategy through materials and deposition testimony ordinarily protected by the work product and attorney-client doctrines with respect to a currently pending case."  ECF No. 131-1 at 6 (footnote omitted).  In other words, Integon argued that complying with the court's order on Price's motion to compel before the Underlying Action is resolved would prejudice Integon in that action.  Upon

weighing the competing interests, the court found that a stay was not warranted and denied the motion. Specifically, the court was not swayed by Integon's assertion of prejudice absent a stay. The court stated,

> [T]o the extent Integon cannot, at least without prejudicing itself, prove its non-cooperation claim until resolution of the Underlying Action, that dilemma is of Integon's own making. Indeed, Integon initiated this declaratory judgment action while the Underlying Action was pending presumably because it believed that an early determination on the issue of its duty to defend and provide coverage would be beneficial to it. As a result, the parties have litigated this case for almost two years and have engaged in written discovery, conducted depositions, and argued several motions before the court, many of which the court ruled on. Now, when faced with discovery obligations based on the claims it elected to bring, Integon attempts to backpedal and claim that an early determination on the coverage issue is a waste of judicial resources, prejudicial, and not in keeping with the purpose of the Declaratory Judgment Act. The court is unpersuaded, and even if Integon's arguments were compelling, Integon has been hoisted by its own petard.

ECF No. 145 at 9–10. The court reiterated its instruction from its prior order on Integon's motion for a protective order—that Integon "may either 'submit to discovery regarding prejudice in the Underlying Action or abandon its lack of cooperation theory altogether.'" ECF No. 145 at 11 (quoting ECF No. 130 at 7). The court clarified,

> To the extent Integon maintains that certain or all information regarding its Underlying Action defenses is protected, it can elect to object and withhold that information. However, in so doing, Integon must forgo use of the same to prove its non-cooperation claim. Because Integon bears the burden of establishing prejudice to prove its non-cooperation claim in this action, its decision to withhold discovery on its liability defenses in the Underlying Action only hurts itself. And, as discussed previously, that harm is of Integon's own making and thus does not warrant staying the instant action.

ECF No. 145 at 11.

Now, faced with numerous orders providing clear guidance that Integon must either provide full discovery on its non-cooperation claim or abandon the same, Integon has, at last, chosen the latter option. Still, Integon requests that the court dismiss its non-

8

cooperation claim for the time period at issue <u>without</u> prejudice.  Price disputes dismissal of the claim without prejudice and asks that the court either deny the motion or require voluntary dismissal be <u>with</u> prejudice.  Based on the relevant factors, the court finds dismissal with prejudice appropriate here.

First, it is clear based on the history of this litigation, as overviewed above, that Price has expended significant effort and expense litigating the non-cooperation claim, particularly in her pursuit of discovery on the issue of prejudice.  As the court has explained ad nauseum in prior orders and herein, Integon must prove prejudice to succeed on its non-cooperation claim—it makes no difference whether that claim is based on Gomez and Mejia's conduct from August 30, 2018 to October 11, 2019 or their conduct prior to August 30, 2018.  Because Integon elected to bring its non-cooperation claim in this action but continually refused to submit to discovery on the same, Price was forced to bring multiple motions to compel, defend against multiple motions for protective orders, and litigate a motion to stay.  Many of these motions required hearings, and all required court resolution.  Integon does not present any argument regarding Price's effort and expense in preparing for trial on its non-cooperation claim.  The court finds that this factor weighs against voluntary dismissal without prejudice.

Next, the court finds that Integon has unnecessarily delayed the litigation and failed to diligently pursue its non-cooperation claim.  Integon has continually resisted discovery regarding its non-cooperation claim—even after the court affirmatively held that Price is entitled to such discovery—and that resistance has needlessly prolonged the litigation.  Moreover, by refusing to submit to discovery on its non-cooperation claim, Integon has failed to prosecute that claim.  Again, Integon bears the burden of

establishing prejudice, and prejudice is a necessary element of Integon's non-cooperation claim in this case. Integon's decision to withhold evidence on the matter prevents it from satisfying its burden of proving prejudice and succeeding on its claim. Accordingly, this factor likewise weighs in Price's favor.

Additionally, Integon provides no explanation for its need for dismissal without prejudice as to the relevant time period. Presumably, Integon is seeking voluntary dismissal for the same reason it sought to stay the matter until resolution of the Underlying Action. In its motion to stay, Integon argued that it would be prejudiced in proving its non-cooperation claim without revealing work-product or attorney-client privileged information, including its trial strategy in the Underlying Action. The court previously considered and rejected that argument. The court explained that it was unconvinced that Integon would be prejudiced if it produced evidence of Gomez and Mejia's alleged non-cooperation, to the extent it existed. The court explained,

> In the court's view, Integon should be able to state—without exposing privileged or work product protected information—what defenses it should have had but will no longer pursue because of [Gomez] and [Mejia]'s non-cooperation. It should also be able to note what evidence it believes it could have had but is no longer able to obtain in the Underlying Action without invading on its strategy in the Underlying Action. In other words, to the extent that those defenses and evidence do not exist or are no longer available, they cannot be part of Integon's strategy in the Underlying Action as a matter of common sense.

ECF No. 145 at 10–11. The court further found that even if Integon were unable to reveal evidence tending to support its non-cooperation claim without prejudicing itself, that dilemma was of Integon's own making. The court observed that "[t]o the extent Integon cannot succeed on its non-cooperation claim because it brought this action before resolution of the Underlying Action or because it asserts work-product or attorney-client

privilege over all materials to prove that claim, Integon is the author of its own demise." ECF No. 145 at 12.

As the court sees it, the purpose of the instant motion for dismissal without prejudice is to bypass the court's denial of Integon's motion to stay. Indeed, permitting Integon to dismiss its non-cooperation claim for the time period in question only to refile it at a later date would have the same practical effect as granting the motion to stay. In either case, Integon would seek to litigate a non-cooperation matter after resolution of the Underlying Action. The court has already found it improper to stay the entire case until the Underlying Action is resolved, and the court finds it even less proper to allow adjudication of only one issue—non-cooperation during the timeframe of August 30, 2018 to October 11, 2019—after resolution of the Underlying Action. Indeed, affording Integon the opportunity to refile the non-cooperation claim at a later date would frustrate the central purpose of this action, which is to determine Integon's indemnification obligations. Integon seeks a declaration that it does not have a duty to defend and indemnify Gomez and Mejia in the Underlying Action, and defendants, in their counterclaims, seek the inverse declaration. It would make little sense—and may, in fact, be practically impossible—to permit Integon to litigate an issue that bears directly on those declarations in a subsequent, separate action. For example, if the court in this action ultimately finds that Integon had a duty to defend and indemnify, the court fails to see how Integon could later challenge that declaration by belatedly raising the non-cooperation issue. Efficiency and common-sense dictate that all issues affecting Integon's duty to defend and indemnify—including the non-cooperation issue—be

litigated together. If Integon cannot litigate the matter presently, then Integon has missed its opportunity to litigate it at all.

Finally, dismissal without prejudice is not warranted at this late stage of litigation. The matter has been pending for over two and a half years, and discovery has closed. Although Integon filed its motion to voluntarily dismiss its non-cooperation claim prior to Price's pending motion for summary judgment, Price has nevertheless filed a timely dispositive motion on that claim, and the motion has merit. Integon's motion to voluntarily dismiss the claim seems to be an attempt to avoid the adverse consequences of its failure to participate in discovery on the matter, which is grounds to deny the motion. See Francis v. Ingles, 1 F. App'x 152, 154 (4th Cir. 2001) (finding dismissal without prejudice was not warranted where it appeared to be an attempt to circumvent an adverse ruling); Galasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F. Supp. 2d 569, 572 (S.D.N.Y. 2004) (finding that a party is not entitled to dismiss a claim without prejudice to avoid the prospect of an adverse decision). Additionally, Price would be prejudiced if Integon's motion for voluntary partial dismissal without prejudice were granted, as Price seems to be entitled to summary judgment based upon Integon's discovery conduct in this case. Overall, Integon should not be permitted to extensively litigate discovery issues related to the non-cooperation claim it elected to bring and then obtain a dismissal without prejudice when faced with adverse rulings on those discovery issues, a motion to stay, and, very likely, a motion to summary judgment on that claim based on its failure to comply with those rulings. Accordingly, the court will dismiss

Integon's non-cooperation claim with prejudice for all conduct prior to October 11, 2019.[1]

The court further finds that dismissal with prejudice is proper because Integon had notice of the potential for dismissal with prejudice and an opportunity to respond. In its motion for voluntary partial dismissal, Integon requested dismissal with prejudice in the alternative. In connection with its motion, Integon had and took advantage of its opportunity to provide argument in support of dismissal without prejudice and against dismissal with prejudice. Integon was also clearly aware that its alternative request for dismissal with prejudice may be granted. Accordingly, the court does not find dismissal with prejudice unjust under the circumstances.

---

[1] Price argues that she, Gomez, and Mejia all brought counterclaims related to Gomez and Mejia's cooperation in the investigation, and therefore, dismissal of Integon's non-cooperation claim is inappropriate and would not obviate the need for discovery on the matter. The court disagrees. In their counterclaims, defendants allege, <u>inter alia</u>, that "Gomez and Mejia timely complied with all their duties under the Policy." ECF No. 108 ¶ 98; ECF No. 119 ¶ 97. These duties under the Policy include cooperation with Integon in the investigation, settlement, or defense of any claim or lawsuit related to the Policy. Compl. ¶ 13. However, defendants ultimately seek via their counterclaims a declaration that Integon has a duty to indemnify and defend Gomez and Mejia. To the extent defendants allege in their counterclaims that Gomez and Mejia cooperated with Integon's investigation, this allegation only exists to refute any argument by Integon that Gomez and Mejia are not entitled to coverage because they did not so cooperate. As Price herself previously argued, it is Integon's—not defendants'—burden to prove non-cooperation to support coverage denial. This is true regardless of whether the issue is litigated under Integon's non-cooperation claim or under defendants' counterclaims. If Integon's non-cooperation claim is dismissed with prejudice and "Integon is no longer arguing that coverage should be denied due to Defendants Gomez and Mejia's failure to cooperate," <u>id.</u> at 3, allegations in defendants' counterclaims that Gomez and Mejia cooperated are undisputed, and discovery on the matter is without purpose. The court will not compel Integon to provide discovery on an argument that it has now abandoned and that is now immaterial to defendants' counterclaim for a coverage declaration.

## IV.  CONCLUSION

For the reasons set forth above, the court **GRANTS IN PART** and **DENIES IN PART** the motion for voluntary partial dismissal and dismisses Integon's non-cooperation claim in its entirety with prejudice.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**June 13, 2022
Charleston, South Carolina**